### THE MEDEA.

### THE IDLEWILD.

#### WILLIAMS v. THE MEDEA et al.

#### HANDRAN v. SAME.

(District Court, S. D. New York. October 22, 1894.)

SHIPPING—TUG AND TOW—COLLISION—PIERS AND SLIPS—OBSTRUCTION—USAGE.
    The tug M., about noon of July 1st, tied up a fleet of canal boats, consisting of several tiers of three or four boats in a tier, at the end of the Red Star Line pier, Jersey City, in the ebb tide, for the purposes of removal and distribution to their various destinations, in accordance with the usage of many years; and no city ordinance forbade this practice. That pier is about 108 feet longer than the piers below it. The day was mild, and the westerly wind set the end of the tow still further away from the piers below. The steamtug Idlewild soon afterwards, in removing another vessel from the end of one of the piers below the Red Star pier, collided with and damaged two boats in the end tow. *Held,* that thus tying up at the pier above under circumstances

and for the purposes stated was not an unlawful obstruction of the slips below; and the Medea was acquitted of fault, and the Idlewild held for lack of sufficient care.

Libels were filed in this case by James N. Williams and Annie M. Handran, respectively, against the steamtugs Medea and Idlewild. The libelants were the owners of two canal boats, which had been damaged by collision.

Hyland & Zabriskie, for libelants.

Robinson, Biddle & Ward and Mr. Hough, for the Medea.

Wing, Shoudy & Putnam and Mr. Burlingham, for the Idlewild.

BROWN, District Judge. Considering the usage of many years, and that no existing regulation is shown to have been violated, I think the Medea was not in fault for tying the top of the tow at the Red Star Line pier, for the distribution of the various boats as usual; and that the difference in length between the Red Star pier and the piers below, viz., about 108 feet, left, in mild weather, and with a west wind, a reasonable provision for the exit of boats between the tow and the slips below. The passage by the Medea without difficulty, though more heavily incumbered than the Idlewild, while the Idlewild and Coxsackie were still at the end of the wharf, seems to me a very conclusive corroboration of the above; and shows that the collision, though slight, is due only to the lack of necessary care by the Idlewild, or perhaps the lack of necessary experience on the part of the young man who alone in the wheelhouse was managing the wheel and the signals.

I must, therefore, hold the Idlewild, and exempt the Medea.

The damages are so small that they ought to be agreed upon, without the expense of two references.